(No. 3619— )

OLIVE F. SANFORD, WIDOW AND EXECUTOR OF J. F. SANFORD, Deceased, SUBSTITUTED FOR J. F. SANFORD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 13, 1945.*

NOAH GULLETT AND S. S. DUHAMEL, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

ECKERT, J.

John F. Sanford was employed by the respondent as a temporary insurance examiner on March 1, 1931. On September 9th of the same year, he was transferred to the position of insurance clerk, on a temporary permit, and on May 11, 1932, took and passed a civil service examination. He was certified as an insurance clerk on October 1, 1932, and on December 7, 1932, was placed on the salary and wages roll of the Division of Insurance at a salary of $125.00 per month.

On January 31, 1933, Mr. Sanford received notice from Ernest Palmer, Acting Director of Trade and Commerce, and Superintendent of Insurance, advising him that the Department would have no further need for his services after the close of business on Tuesday, January 31st. On February 1, 1933, the Civil Service Commission received a demand from John F. Sanford alleging that

he had been served with an illegal notice suspending him from service, and asking that the Commission order his reinstatement. He also notified the Commission at that time that his removal from the service was for political, racial, or religious causes.

The case was set for hearing before the Commission on June 13, 1933, and notice given to Sanford. Because of an injury to the president of the Commission, the hearing was postponed from June 13th to June 20, and Sanford was duly notified of the continuance. He failed, however, to appear at the hearing.

On June 23, 1933, the Civil Service Commission notified Mr. Sanford that the matter had come on for hearing on June 20th pursuant to notice; that no appearance at that time had been made by him, or by anyone on his behalf, and that the Commission had dismissed his petition for want of prosecution.

Mr. Sanford did nothing further until April 23, 1937, when he wrote to the Commission alleging that his discharge had been illegal, stating that he had intended to be at the hearing scheduled for June 20, 1933, but that he had been sick and unable to attend. He requested the Commission to order his reinstatement. This was refused on the ground that four years had intervened since Sanford had been in service of the State.

After the lapse of a second period of four years, Sanford filed his complaint in this court on August 5, 1941, seeking damages in the amount of $9,180.00. The claim is opposed by the respondent on the ground that any cause of action which Sanford might have had is barred by the Statute of Limitations.

Every claim against the State, cognizable by the Court of Claims, is barred unless filed with the Clerk of the Court within five years after the claim first accrues,

except in the case of persons under disability. (Chapter 37, Section 436, Illinois Revised Statutes, 1943.) John F. Sanford was discharged January 31st, 1933, but his complaint was not filed in this court until August 5, 1941. Upon his discharge, Sanford pursued his statutory rights and secured a hearing before the Civil Service Commission. He failed, however, to appear at the hearing or to ask for a continuance; he failed to take any further action for nearly four years. His failure to appear and to substantiate his own charges was not the fault of the Commission. Any claim which Sanford had first accrued in January of 1933. Not having been filed in this court within five years thereafter, it is barred by the Statute.

Award denied; case dismissed.